Jeffrey Francis Craft (SBN 147186)
jcraft@devlinlawfirm.com
DEVLIN LAW FIRM LLC
1731 Fox Springs Circle,
Newbury Park, CA 91320

Timothy Devlin (*pro hac vice*)
tdevlin@devlinlawfirm.com
DEVLIN LAW FIRM LLC
1526 Gilpin Avenue
Wilmington, DE 19806
Telephone: (302) 449-9010
Facsimile: (302) 353-4251

*Attorneys for Plaintiff International
License Exchange of America, LLC*

Christine Yang (CA Bar No. 102048)
chrisyang@sjclawpc.com
Victoria Hao (*pro hac vice*)
vhao@sjclawpc.com
Law Office of S.J. Christine Yang
17220 Newhope Street Suite 101-102
Fountain Valley, CA 92708
Telephone: (714) 641-4022
Facsimile: (714) 641-2082

*Attorney for Defendant
D-Link Systems, Inc.*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| INTERNATIONAL LICENSE EXCHANGE OF AMERICA, LLC, <br><br> Plaintiff, <br><br> v. <br><br> D-LINK SYSTEMS, INC., <br><br> Defendant. | Case No. 8:19-cv-02223-JVS-KES <br> **AMENDED JOINT RULE 26(f) REPORT** <br> Scheduling Conference: <br> Date:   March 2, 2020 <br> Time:   10:30 a.m. <br> Judge:  Hon. James V. Selna |

A scheduling conference was held on March 2, 2020.  At the conference the Court requested the parties to submit an Amended Joint Rule 26(f) report based on a trial date of January 4, 2022.  Pursuant to the Court's request Plaintiff International License Exchange of America, LLC ("ILEA") and Defendant D-Link Systems, Inc. ("D-Link") hereby submit this amended Joint Rule 26(f) Report.  Counsels have conferred pursuant to Fed. R. Civ. P. 26(f)(1).

**a.    Synopsis**

### Plaintiff's Statement

Plaintiff ILEA is a corporation organized under the laws of the State of Delaware with a place of business at 10 Balligomingo Rd., West Conshohocken, PA 19428.

On November 15, 2019, Plaintiff filed this lawsuit accusing D-Link of directly and indirectly infringing U.S. Patent Nos. RE44,775 (the "'775 patent"), RE45,065 (the "'065 patent"), RE45,081 (the "'081 patent"), RE45,095 (the "'095 patent"), RE40,999 (the "'999 patent"), and 5,959,990 (the "'990 patent") (collectively, the "Asserted Patents"). The Asserted Patents claim technologies for tagging Ethernet data frames in a Virtual Local Area Network (VLAN) to identify the VLAN associated with the data frame when transmitting the data frame over an Ethernet network.  The inventions of the Asserted Patents support the existing infrastructure of Ethernet networks transmitting data frames from multiple VLANs across a shared communications medium, and allow compatibility between traditional network nodes and nodes supporting VLAN identification.  The claimed inventions of the Asserted Patents have been incorporated into the IEEE 802.1Q standard for VLAN tagging for Ethernet frames and accompanying procedures used by networking equipment (such as bridges, switches, or routers) in handling VLAN-tagged frames.  Thus, 802.1Q-certified local area networks and equipment, and uncertified equipment that nonetheless implements the mandatory features of the 802.1Q standard, necessarily meet the claim limitations of the Asserted Patents.

ILEA accuses D-Link of direct infringement of the Asserted Patents by D-Link's

selling, offering to sell, making, using, and/or providing and causing to be used 802.1Q-compliant local area networks and equipment; including at least D-Link's DGS-1100, DES-1210, DMS-1100, DGS-3000, DGS-3120, DWS-3160, DES-3200, DGS-3420, DES-3500, DXS-3600, DGS-3630, and DWS-4000 Series Ethernet Switches; the 5000 Series Data Center Switches; at least the DGE-530T and DXE-820T PCI Adapters; at least the DAP-2360 Access Point; and at least the DSR-150/150N/250/250N/500/500N Series VPN Routers (collectively, the "Accused Instrumentalities").  ILEA also accuses D-Link of indirect infringement.

      D-Link filed an Answer on January 13, 2020.

### D-Link's Statement

      Incorporated in 1986, D-Link has been based in Orange County, Southern California, for over 30 years.  D-Link offers for sale a wide variety of networking and connectivity products, such as consumer routers, IP cameras, smart home devices, access points, and switches.  D-Link relies on its own technological developments, the developments of the IEEE 802 standards body, and the innovations of their component manufacturers, for example, the Ethernet chip manufacturers, to support the functionality of their 802.3 Ethernet switches, and access points, and routers accused in this case.

      D-Link disputes each and every ILEA's allegations.  All the six patents-in-suit expired on March 12, 2016, more than three years before the date of ILEA's Complaint.  Due to the expiration of all patents-in-suit, there cannot be any ongoing infringement, and this litigation could pertain to past activities only.  Also, ILEA's Complaint did not and could not allege that any actual notice of alleged infringement was ever given to D-Link prior to the date of ILEA's Complaint.  At least due to the lack of actual notice prior to the patent expiration, Plaintiff's Complaint fails to state a claim of indirect or willful infringement.  To the extent Plaintiff maintains its assertions that D-Link indirectly infringed or willfully

infringed, D-Link is not liable to Plaintiff for the acts alleged to have been performed before D-Link knew that its actions would allegedly cause indirect or willful infringement.

D-Link denies that its products infringed or infringe any valid, enforceable claim of the patents-in-suit.  D-Link also asserts that the patents-in-suit are invalid and unenforceable.  ILEA's Complaint includes ILEA's purported agreement to license the patents-in-suit on reasonable and non-discriminatory (RAND) terms. D-Link denies that ILEA had met its RAND commitments.  D-Link has asserted additional defenses. *See* D.I. 20, D-Link Systems, Inc.'s answers and defenses.

**b.    Legal Issues**

The principal legal issues in this case include at least the following:

- The proper construction of the claims of the Asserted Patents.
- Whether the Accused Instrumentalities infringe the Asserted Patents.
- Whether the Asserted Patents are valid and/or unenforceable.
- Whether D-Link is liable for indirect or willful infringement.
- If any infringement is found of any valid claim, the amount of a reasonable royalty.
- D-Link's additional defenses;
- Whether Plaintiff had failed to meet its RAND commitments.

**c.    Damages**

**Plaintiff's Statement**

Discovery in this matter has just begun.  No documents have yet been exchanged and no depositions of any of D-Link's witnesses have occurred.  Accordingly, Plaintiff does not yet have the information necessary to provide a complete calculation of damages.

Plaintiff states that, pursuant to relevant ISO and IEC guidelines, bylaws, and policies, many of the claims of the Asserted Patents are subject to Fair, Reasonable, and

Non-Discriminatory ("FRAND") licensing obligations to willing licensees.  To the extent D-Link refuses to willingly take a license under such claims of the Asserted Patents under FRAND terms, however, Plaintiff reserves the right to treat D-Link as an unwilling licensee, such that Plaintiff would not be bound by any FRAND licensing obligation for purposes of this action or any license to D-Link.  Accordingly, Plaintiff seeks the maximum available reasonable royalty damages to compensate for D-Link's infringing activities.

Subject to the paragraph above, Plaintiff will seek damages based upon a reasonable royalty for D-Link's infringement pursuant to 35 U.S.C. § 284.  *See*, *e.g.*, *Bard Periph. Vascular, Inc. v. W.L. Gore & Assocs., Inc.,* 670 F.3d 1171 (Fed. Cir. 2012); *Powell v. Home Depot U.S.A., Inc.*, 663 F.3d 1221 (Fed. Cir. 2012); *Funai Elec. Co. Ltd. v. Daewoo Elecs. Corp.*, 616 F.3d 1357 (Fed. Cir. 2012).  Courts have recognized a number of factors to be considered in determining a reasonable royalty, including the factors enumerated in *Georgia Pacific Corp. v. United States Plywood Corp.*, 318 F. Supp. 1116 (S.D.N.Y. 1970).  Plaintiff anticipates calculating a reasonable royalty rate based upon the factors set forth in *Georgia Pacific* and its progeny, or potentially a subset of those factors applicable to FRAND license rates.  Without the benefit of discovery, Plaintiff cannot currently conduct a reasonable royalty analysis.  Plaintiff will also request D-Link be ordered to pay interest on any damages awarded.  *See, e.g.*, 35 U.S.C. § 284; 28 U.S.C. § 1961; *Gen. Motors Corp. v. Devex*, 461 U.S. 648 (1983); *Fractus, S.A. v. Samsung Elecs. Co. Ltd.*, 2012 WL 2505741, at **46- 47 (E.D. Tex. Jun. 28, 2012).

Plaintiff may further seek enhanced damages up to treble damages pursuant to 35 U.S.C. § 284 for D-Link's willful infringement of the Asserted Patents.  Plaintiff may also request that this case be deemed exceptional and that this Court order D-Link to pay Plaintiff's attorney's fees, costs, and expenses, as provided by 35 U.S.C. § 285 and 28 U.S.C. § 1920.  *See, e.g., ICU Medical, Inc. v. Alaris Med. Sys., Inc.*, 558 F.3d 1368 (Fed. Cir. 2009).

**D-Link's Statement**

D-Link seeks a declaration that Plaintiff take nothing by its claims and that Defendant is entitled to an award of its reasonable attorneys' fees and costs pursuant to 35 U.S.C. § 285.  To the extent that ILEA is entitled to any damages for its claims of alleged infringement, ILEA is entitled to no more than a royalty rate consistent with FRAND terms.  Plaintiff pleads that it is obligated to license the patents-in-suit on RAND terms, D-Link contends that Plaintiff fails to meet its burden.

**d.   Insurance**

Plaintiff's statement: Plaintiff does not currently have in effect any indemnity or insurance agreements relevant to this lawsuit.

Defendant's statement: Defendant is unaware of any insurance agreements relating to the subject matter of this litigation.

**e.   Motions**

Plaintiff's statement: Plaintiff does not currently anticipate filing a motion to add any additional parties or claims, to amend pleadings, or to transfer venue.  Nevertheless, Plaintiff reserves the right to move the Court to add Defendant's Taiwan-based parent company, D-Link Corporation.  Plaintiff notes D-Link has not filed a motion to dismiss.

Defendant's statement: Defendant does not currently believe it is likely that they will file a motion to (i) add other parties or claims, (ii) file amended pleadings, or (iii) transfer venue.

**f.   Discovery and Experts**

Since February 10, 2020, the parties have met and conferred and discussed a discovery and case management plan.  The parties are working together to coordinate discovery.

Rule 26(f)(3)(A)

The parties will serve their initial disclosures under Rule 26(a)(1) by March 30, 2020. The parties propose serving their expert disclosures under Rule 26(a)(2) pursuant to the pre-trial and trial schedule attached as Exhibit A.

Rule 26(f)(3)(E)

**Interrogatories**

The parties agree that the ordinary discovery limits provided for in the Federal Rules are appropriate.

**Requests for Admission**

The parties agree that each side in this case be able to serve up to twenty-five (25) requests for admission not for the purposes of document authentication and fifty (50) requests for admission regarding document authentication.

**Depositions**

Plaintiff's statement: Plaintiff anticipates taking depositions of D-Link's employees and 30(b)(6) witnesses in this matter. Plaintiff does not anticipate more than 10 depositions, exclusive of expert depositions. Plaintiff has received no discovery from D-Link since the filing of the present Complaint. Plaintiff believes there is substantial discovery to be completed in this case and for D-Link to provide to Plaintiff.

Defendant's statement: Defendant anticipates taking depositions of ILEA's employees and 30(b)(6) witnesses in this matter. Defendant does not anticipate more than five (5) depositions or fifty (50) hours of deposition testimony (whichever is greater), including Rule 30(b)(6) depositions, but excluding an inventor deposition (if any), and excluding expert depositions. For expert depositions, an expert may be deposed for seven (7) hours per primary report (*e.g*., if an expert offers a report on infringement issues and the same expert offers a report on validity issues, then that expert would be subject to fourteen (14) hours of deposition).

**g.    Dispositive Motions**

The parties anticipate that there may be dispositive motions filed as to at least

issues of infringement/non-infringement and validity/invalidity of the Asserted Patents. The parties also anticipate the need for motions *in limine* in advance of trial.

**h.   Settlement and Settlement Mechanism**

The parties will continue to explore settlement as appropriate and, pursuant to Local Rule 16-15.4, they will participate in alternative dispute resolution proceeding, if necessary.  The parties believe that ADR would be most effective after discovery into the technical issues presented in the case and potentially claim construction, and quantification of D-Link's video streaming and related revenue and costs.  The parties select ADR Procedure No. 3 and request to have a mediation before a private mediator at a mutually acceptable date.

**i.   Trial Estimate**

Both Plaintiff and D-Link have requested a trial by jury.

Plaintiff's statement: Plaintiff estimates 7 court days for the trial of the claims raised in Plaintiff's Complaint, and anticipates calling approximately 4-6 witnesses, including party witnesses, experts, and third-party witnesses (as needed).  In this case, there are six related patents in suit.  The Asserted Patents share the same inventors. There may be more than one technical expert as to each of these patented technologies. There will be a damages expert, and there may be technical experts addressing issues of patent invalidity if such issues will be raised by Defendants at trial.

Defendant's statement: Defendant estimates 3 court days for the trial of the affirmative defenses raised in Defendant's Answer.  It is premature to estimate the number of witnesses that Defendant may call or other details concerning at trial.

**j.   Timetable**

The completed "Presumptive Schedule of Pretrial Dates" is attached hereto as Exhibit A and is consistent with the Court's Scheduling Order.  In addition, please see Exhibit B for the parties' respective proposals for other dates in the case.

**k.     Other Issues**

The parties anticipate submitting a proposed protective order and a proposed ESI order for the Court's approval.

**l.     Conflicts**

<u>Plaintiff's statement</u>: Plaintiff is a wholly owned subsidiary of Equitable IP Corporation, a Nevada Corporation with six shareholders.

<u>Defendant's statement</u>: Non-party D-Link Corporation, a company in Taiwan, is the parent company of Defendant D-Link Systems, Inc.

**m.     Patent Cases**

The parties agree that the Court should perform claim construction in this matter, hold a *Markman* claim construction hearing, and construe the asserted patent claims prior to expert discovery and summary judgment briefing and motions practice, as is common in patent cases.  The parties do not intend to adopt the processes outlined in the Northern District of California's Local Patent Rules 3-5, 3-7 through 3-9.  Please see Exhibit B for the parties' respective proposals for dates relating to claim construction in the case.

**n.     Magistrate**

Respectfully, the parties do not consent to have a magistrate judge preside.

Dated: March 9, 2020               By: */s/ Jeffrey Francis Craft*
                                   Jeffrey Francis Craft (SBN 147186)
                                   jcraft@devlinlawfirm.com
                                   DEVLIN LAW FIRM LLC
                                   1731 Fox Springs Circle,
                                   Newbury Park, CA 91320

                                   *Attorneys for Plaintiff International License*
                                   *Exchange of America, LLC*

Dated: March 9, 2020      By: */s/ Christine Yang*
                              Christine Yang (SBN 102048)
                              chrisyang@sjclawpc.com
                              Law Office of S.J. Christine Yang
                              17220 Newhope Street Suite 101-102
                              Fountain Valley, CA 92708

                              *Attorney for Defendant*
                              *D-Link Systems, Inc.*

Pursuant to Local Rule 5-4.3.4, I, Jeffrey F. Craft, attest that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

*/s/ Jeffrey F. Craft*
Jeffrey F. Craft

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the Electronic Service List for this case.

Executed on March 9, 2020

*/s/ Jeffrey Francis Craft*
Jeffrey Francis Craft

*Attorneys for Plaintiff International License Exchange of America, LLC*

# APPENDIX A
## Judge James V. Selna
### Schedule of Pretrial Dates

| Matter | Time | Weeks before trial | Plaintiff's Request | Defendant's Request | Court Order |
|---|---|---|---|---|---|
| Trial date (Jury) Estimated length: 7-10 days | 8:30 a.m. (Tuesdays) | | | | 01/04/2022 |
| [Court trial] File Findings of Fact and Conclusions of Law and Summaries of Direct Testimony | | -1 | NA | NA | |
| Final Pretrial Conference; Hearing on Motions in Limine; File Agreed Upon Set of Jury Instructions and Verdicts Forms and Joint Statement re. Disputes Instructions and Verdict Forms; File Proposed *Voir Dire* Qs and Agreed-to Statement of Case | 11:00 a.m. (Mondays) | -2 | | | 12/20/2021 |
| Lodge Pretrial Conf. Order; File Memo of Contentions of Fact and Law; Exhibit List; Witness List; Status Report re. Settlement; Submit Proposals to Limit Number of Claims and Prior Art References to be Asserted | | -3 | 12/13/2021 | 12/13/2021 | |
| Last day for hand-serving Motions in Limine | | -6 | 11/22/2021 | 11/22/2021 | |
| Last day for hearing motions | 1:30 p.m. (Mondays) | -7 | 11/15/2021 | 11/15/2021 | |

| Matter | Time | Weeks before trial | Plaintiff's Request | Defendant's Request | Court Order |
|---|---|---|---|---|---|
| Last days for hand-serving motions and filing (other than Motions in Limine). | | -13 | 10/04/2021 | 10/04/2021 | |
| Non-expert Discovery cut-off | | -26 | 07/02/2021 | 07/02/2021 | |
| Hearing Concerning Reduction of Claims and Prior Art in Issue | 11:00 a.m. | | | | 06/08/2020 |

## EXHIBIT B

## ADDITIONAL MATTERS TO BE DETERMINED AT SCHEDULING CONFERENCE

### L.R. 16-14 Settlement Choice: (3) Outside ADR – Private Mediation

| Matter | Plaintiff's Request | Defendant's Request | Court Order |
|---|---|---|---|
| Deadline to file replies to case-dispositive motions and *Daubert* motions | 11/08/2021 | 11/08/2021 | |
| Deadline to file oppositions to case-dispositive motions and *Daubert* motions | 11/01/2021 | 11/01/2021 | |
| Case-dispositive motions and *Daubert* motions (other than Motions in Limine). | 10/04/2021 | 10/04/2021 | |
| Expert discovery cut-off | 09/17/2021 | 09/17/2021 | |

| Matter | Plaintiff's Request | Defendant's Request | Court Order |
|---|---|---|---|
| Reply Expert Witness Disclosure | 08/23/2021 | 08/23/2021 | |
| Rebuttal Expert Witness Disclosure | 08/09/2021 | 08/09/2021 | |
| Opening Expert Witness Disclosure | 07/19/2021 | 07/19/2021 | |
| Last day to conduct Settlement Conference | 08/20/2021 | 08/20/2021 | |
| Last day to amend pleading or add parties | 05/15/2021 | 05/15/2020 | |

| Matter | Plaintiff's Request | Defendant's Request | Court Order |
|---|---|---|---|
| F.R.Civ.P. 26(a) Disclosures | 03/30/2020 | 03/30/2020 | |
| S.P.R. 3-1, 3-2 – Infringement Contentions | 07/16/2020 | 07/16/2020 | |
| S.P.R. 3-2., 3-3 – Invalidity Contentions | 09/30/2020 | 09/30/2020 | |
| S.P.R. 4.1 - Exchange of Proposed Terms for Construction | 10/14/2020 | 10/14/2020 | |
| S.P.R. 4.2 - Exchange of Claim Constructions and Extrinsic Evidence | 11/04/2020 | 11/04/2020 | |

| S.P.R. 4.3 - Joint Claim Construction and Prehearing Statement | 12/2820 | 12/28/2020 | |
|---|---|---|---|
| S.P.R. 4.4 - Completion of Claim Construction Discovery | 01/11/2020 | 01/11/2021 | |
| S.P.R. 4.5 - Opening Claim Construction Briefs | 02/01/2021 | 02/01/2021 | |
| Presentation Material, and Technology Tutorial | 02/13/2021 | Requested for month of 03/2021 | |
| S.P.R. 4.5 - Responsive Claim Construction Briefs | 03/01/2021 | 03/01/2021 | |
| S.P.R. 4.6 - Claim Construction Hearing | Requested for week of 03/15/2021 | Requested for month of 03/2021 | |
| Claim Construction Order | TBD | TBD | |